## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETSY A. HEIMBUCH, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 06-44 Erie |
| v. | ) ) ) |
| PLATINUM FINANCIAL SERVICES, CORP., | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

Currently pending before the Court is the Defendant's Motion to Dismiss this matter pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. No. 3].

### I. BACKGROUND

Plaintiff, Betsy A. Heimbuch, instituted the instant action against Defendant, Platinum Financial Services Corporation, alleging claims of fraud, extortion and mail fraud violations. As set forth in the Complaint, Plaintiff had a credit card account with MBNA, but subsequently closed her account due to a dispute over *inter alia*, interest rates and transaction charges. See Complaint ¶¶ 7-8. At some point a dispute arose between Plaintiff and Defendant with respect to the balance due on the account, and Defendant submitted the matter for arbitration to the National Arbitration Forum. Id. at ¶ 10.[1] Plaintiff claims that the credit card account submitted for arbitration was not hers since the card number differed from her original account number with MBNA. Id. at ¶ 10. According to Defendant however, Plaintiff's credit card account number was changed as part of MBNA's routine charge-off practice in conformity with its internal operating procedures. See Affidavit of Gregory B. Canapp ¶¶ 5-6 [Doc. No. 17]; Supplementary Affidavit of MBNA America Bank, N.A. ¶¶ 3-6 [Doc. No. 19].

---

[1] MBNA sold its right, title and interest in the account to a third party purchaser, and the account was ultimately acquired by Defendant. See Affidavit of Gregory B. Canapp ¶¶ 8-9 [Doc. No. 17].

Prior to the arbitration proceeding, Plaintiff forwarded documentation to the National Arbitration Forum in support of her claim that the credit card account submitted for arbitration was not hers, and further informed the Forum that she had opted out of arbitration on her "true" credit card number.  Complaint ¶¶ 10-11; see also Sur Reply Brief p. 2 [Doc. No. 11]; Hearing Tr., June 29, 2006 pp. 9-10 [Doc. No. 22].

The arbitration proceeding subsequently took place and on January 30, 2003, the arbitrator entered an award in favor of Defendant in the amount of $13,591.49.  See Complaint ¶ 13; see also Exhibit 1 [Doc. No. 13].  The arbitrator specifically found:

1. That no known conflict of interest exists.

2. That on or before 09/20/2002 the Parties entered into an agreement providing that this matter shall be resolved in accordance with the Forum Code of Procedure.

3. That the Claimant has filed a claim with the Forum and served it on the Respondent.

4. That the Respondent has filed a response with the Forum and served it on the Claimant.

5. That the matter has proceeded in accord with the applicable Forum Code of Procedure.

6. The Parties have had the opportunity to present all evidence and information to the Arbitrator.

7. That the Arbitrator has reviewed all evidence and information submitted in the case.

8. That the information and evidence submitted supports the issuance of an Award as stated.

See Exhibit 1 [Doc. No. 13].

Defendant subsequently petitioned the City Court of the City of Jamestown, New York for confirmation of the arbitration award.  See Exhibit 2 [Doc. No. 13].  After a hearing at which the state court considered Plaintiff's arguments, the court confirmed the arbitration award on January 21, 2004 and entered judgment on the award on March 1, 2004.  See Platinum Financial Services Corp. v. Heimbuch, No. C046569, Judgment entered March 1, 2004, Exhibit 2 [Doc. No. 13].  In confirming the award, the court found that Plaintiff participated in the arbitration proceeding, it was the proper forum, and the arbitrator's decision was in accordance with the law.

See Exhibit 1 p. 13 [Doc. No. 1].² This decision is currently on appeal in the state court system. See Complaint ¶ 15.

In this case, Plaintiff disputes the credit card debt and claims that Defendant fraudulently submitted a different credit card account number for the purpose of extorting money from her. Id. at ¶ 17. Plaintiff further claims that Defendant consistently used the U.S. Mail and Federal Express to demand payment for a debt she did not owe. Id. at ¶¶ 16;18.

Defendant argues that dismissal of Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is required on jurisdictional grounds under the Rooker-Feldman doctrine. Alternatively, Defendant moves to dismiss under Rule 12(b)(6) based upon the doctrine of *res judicata*.

---

²The state court confirmation transcript reflects the following:

> MS. HEIMBUCH:  I know, but the arbitrator, Your Honor –
>
> THE COURT: But you're asking me to do something I have no power to do.
>
> MS. HEIMBUCH: Okay.
>
> THE COURT: You're asking me to try the case and I can't try the case because it's already been tried before an arbitrator, which you sent documents in to, he's made a decision, and the only purpose that we're here for today is for the court to determine whether or not you participated in the arbitration, whether it was a proper forum under the contract you had with the credit card company, and whether or not the court should affirm the judgment at law that was awarded by the arbitrator.  I can't determine whether or not you have financial problems, I can't determine whether or not the card was yours or wasn't yours, or how much the debt was; I don't have the right to do that by law.  All I can do is take a look at what the arbitrator decided, whether or not you had an opportunity to be heard in that forum, and whether or not the decision is something that is in accordance with the law.  I'm limited.

See Exhibit 1 p. 13 [Doc. No. 1].

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed.R.Civ.P. 12(b)(1). When considering a challenge to the court's jurisdiction pursuant to Rule 12(b)(1), no presumption of truthfulness attaches to the plaintiff's allegations, see Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977), and the court may "go outside the bounds of the complaint" and make factual findings which are decisive to the issue, relying on evidence such as affidavits, depositions and other testimony. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999), citing Employers Ins. Of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3rd Cir. 1990). The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of defendant under a Rule 12(b)(6) motion of convincing the court that plaintiff has failed to state a claim. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991), cert. denied, 501 U.S. 1222 (1991). If we conclude that this Court does not have subject matter jurisdiction over the case, we must dismiss the action. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3rd Cir. 1997).

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this Court accepts as true all well-pleaded factual allegations in the complaint, and construes the complaint in a light most favorable to the plaintiff and determines whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F. 2d 663, 665-66 (3rd Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (citations omitted). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The proper inquiry is "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'" Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3rd Cir. 1994) (quoting National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994)). If no cause of action can be identified, dismissal is proper.

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached thereto and matters of public record. Pension Benefit Guar. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993), cert. denied, 510 U.S. 1042

(1994). In addition, courts may consider exhibits that the defendant attaches to its motion to dismiss if they are undisputedly authentic and the plaintiff's complaints are based upon them. Id. at 1192; see also Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D.Pa. 1996) (court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion). In these instances, the court is not required to construe the motion to dismiss as a motion for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3rd Cir. 1997).

### III. Discussion

Defendant argues that this Court lacks subject matter jurisdiction necessary to entertain Plaintiff's claims based upon the Rooker-Feldman doctrine. The doctrine provides that lower federal courts "may not sit in direct review of the decisions of a state tribunal." Gulla v. North Strabane Township, 146 F.3d 168, 171 (3rd Cir. 1988), citing, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Port Authority PBA v. Port Authority of N.Y. and N.J., 973 F.2d 169, 179 (3rd Cir. 1992) ("[T]he fundamental principle of the Rooker-Feldman doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings."). This prohibition is not limited to decisions by a state's highest court, but also applies to orders issued by lower state courts. Port Authority, 973 F.2d at 178. If a litigant's federal claims are barred under the Rooker-Feldman doctrine, the district court is divested of subject matter jurisdiction over those claims. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3rd Cir. 2003).

The Supreme Court in Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), recently emphasized the narrow scope of the Rooker-Feldman doctrine, holding that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284; see also Lance v. Dennis, __U.S. __, __, 126 S.Ct. 1198, 1201 (2006) (discussing narrowness of Rooker-Feldman doctrine). A district court is not precluded from

"exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Exxon Mobile, 544 U.S. at 293. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. (alteration and omission in original).

Here, Plaintiff does not complain of injuries "caused by the state court judgment." Rather, like the plaintiff in McCormick v. Braverman, 451 F.3d 382 (6th Cir. 2006), she asserts independent claims that the state court judgment was procured through Defendant's fraudulent conduct. McCormick, 451 F.3d at 392 (Rooker-Feldman not a bar to plaintiff's claims that defendants committed fraud and misrepresentation in the state court proceeding; plaintiff did not claim that the state court judgment itself was unconstitutional or in violation of federal law); see also Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3rd Cir. 2006) (Rooker-Feldman not applicable since plaintiff's complaint did not complain of injuries caused by the state court judgment, but was grounded instead on defendant's conduct that preceded the state court judgment); Washington v. Wilmore, 407 F.3d 274, 280 (4th Cir. 2005) (holding Rooker-Feldman did not apply because "[plaintiff's] claim of injury rests not on the state court judgment itself, but rather on the alleged violation of his constitutional rights [by defendant]"); Galibois v. Fisher, 2006 WL 827326 at *2 (1st Cir. 2006) (unreported decision) (Rooker-Feldman did not come into play because plaintiff "sought relief not from an injury allegedly caused by the state court but from an injury allegedly inflicted by the defendant"); Jackson v. Rohm & Haas Co., 2005 WL 1592910 at *4 (E.D.Pa. 2005) (because plaintiff's complaint alleged an injury caused not by the state court's legal error but by the defendants' alleged fraud, the Rooker-Feldman doctrine was not a bar to court's subject matter jurisdiction). Consequently, we conclude that the Rooker-Feldman doctrine is not implicated in this case, and shall examine Plaintiff's claims pursuant to principles of preclusion law. Exxon Mobile, 544 U.S. at 293; Turner, 449 F.3d at 548.

It is well settled that under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give "the same preclusive effect to state court judgments that those judgments would

be given in the courts of the State from which the judgments emerged." Lance, __ U.S. at __, 126 S.Ct. at 1202; Walker v. Horn, 385 F.3d 321, 337 (3rd Cir. 2004). New York law must be applied to the case at bar since the judgment confirming the arbitration award was entered in New York state. In New York, a judgment entered upon an arbitration award is a judgment on the merits, see Vazquez v. Aetna Casualty & Surety Co., 112 Misc.2d 125, 129, 446 N.Y.S.2d 176, 179 (1982), and is regarded in all respects as a judgment in an action and is subject to all the provisions of law relating to such judgment. Hartford Accident & Indemnity Co. v. Maryland Casualty Co., 75 Misc.2d 410, 347 N.Y.S.2d 380 (N.Y.Civ.Ct. 1973); Hunter v. Proser, 274 A.D. 311, 312, 83 N.Y.S.2d 345, 346 (N.Y.App.Div. 1 Dept. 1948) (judgment confirming arbitration award was final and enforceable as any similar judgment would be in an action), aff'd, 298 N.Y. 828, 84 N.E.2d 143 (N.Y. 1949). Accordingly, a judgment entered upon an arbitration award is subject to *res judicata* and collateral estoppel principles. Springs Cotton Mills v. Buster Boy Suit Co., 275 A.D. 196, 199, 88 N.Y.S.2d 295, 298 (N.Y.App.Div. 1 Dept.) (*res judicata*), aff'd, 300 N.Y. 586, 89 N.E.2d 877 (N.Y. 1949); Vazquez, 112 Misc.2d at 129, 446 N.Y.S.2d at 179 (collateral estoppel).

*Res judicata* ("claim preclusion") refers to situations in which one of the parties to a prior proceeding is foreclosed in a second proceeding between the same parties from relitigating a claim or cause of action which was the subject matter of the prior proceeding. Matter of American Ins. Co. [Messinger – Aetna Cas. & Sur. Co.], 43 N.Y.2d 184, 190 n.2, 371 N.E.2d 798, 790 n.2 (N.Y. 1977). As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159 (N.Y. 1981); Schulz v. New York State Legislature, 278 A.D.2d 710, 712, 718 N.Y.S.2d 422, 424 (N.Y.App.Div. 3 Dept. 2000). Collateral estoppel ("issue preclusion"), on the other hand, refers to discrete issues of fact or law rather than to claims or causes of action, and arises where one party is barred from relitigating an issue against another party which was adjudicated in the prior proceeding between them. Messinger, 43 N.Y.2d at 190 n.2, 371 N.E.2d at 802 n.2. Here, although Defendant seeks dismissal on the basis of *res judicata*, we are of the opinion that the related doctrine of collateral estoppel provides the

more appropriate analytical framework.

There are two requirements for the application of collateral estoppel in New York. First, there must have been an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling."[3] Schwartz v. Public Administrator, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (N.Y. 1969); Sorrentino v. Barr Laboratories, Inc., 397 F. Supp. 2d 418, 421-22 (W.D.N.Y. 2005) (applying New York law). With respect to the first prong, an identity of issue is one that "must have been material to the first action or proceeding and essential to the decision rendered therein ... and it must be the point actually to be determined in the second action or proceeding such that a different judgment in the second would destroy or impair rights or interests established by the first." Ryan v. New York Telephone Co., 62 N.Y.2d 494, 500, 467 N.E.2d 487, 490 (N.Y. 1984).

We find that collateral estoppel bars Plaintiff from litigating her claims against Defendant here. The central issue in the arbitration proceeding was whether Plaintiff was responsible for the debt incurred on the credit card account. The arbitrator held that she was and the decision was confirmed by the City Court. Simply put, the resolution of that issue is "decisive of the present action." Schwartz, 24 N.Y.2d at 71, 298 N.Y.S.2d at 960, 246 N.E.2d at 729; Ryan, 62 N.Y.2d at 500, 467 N.E.2d at 490; see also Sullivan v. American Airlines, Inc., 613 F. Supp. 226, 230 (S.D.N.Y. 1985) (applying New York law) (collateral estoppel barred plaintiff's action for defamation since the merits of the claim turned on whether statements accusing plaintiff of attempted pilferage were true, and that issue had been presented to and decided by the arbitrators); see also Zisholtz v. Bank of New York, 171 A.D.2d 745, 746, 567 N.Y.S.2d 301, 302 (N.Y.App.Div. 2 Dept. 1991) (previous finding that plaintiffs were in default on a loan was dispositive of subsequent claims concerning which party breached the loan agreement). All of Plaintiff's claims against Defendant are premised on the contention that it fraudulently attempted

---

[3]Plaintiff does not claim that she did not have a full and fair opportunity to litigate her responsibility for the debt on the credit card account. As previously discussed, the record reveals that she filed documents in the arbitration proceeding in support of her contention that the credit card debt was not hers. Moreover, the record reflects that she vigorously opposed the confirmation of the arbitration award before the City Court.

8

to collect from her a debt on a credit card account that was <u>not</u> hers.

Based upon the above, we will grant Defendant's motion to dismiss and dismiss Plaintiff's Complaint without prejudice.[4]

### IV. CONCLUSION

An appropriate Order follows.

---

[4]The action is dismissed without prejudice as the state court action remains on appeal. We shall also deny Plaintiff's partial motion for summary judgment given our disposition here. In addition, we shall deny Plaintiff's motion to add MBNA as a defendant as such amendment would be futile, <u>see</u> <u>Foman v. Davis</u>, 371 U.S. 178, 183 (1962), given the preclusive effect of the state court judgment. Plaintiff's motion for sanctions will likewise be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETSY A. HEIMBUCH, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>PLATINUM FINANCIAL SERVICES, )<br>CORP., )<br>)<br>Defendant. ) | Civil Action No. 06-44 Erie |

### **ORDER**

AND NOW, this 1st day of August, 2006, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 3] is GRANTED, and Plaintiff's Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 6] is DENIED; Plaintiff's Request to add MBNA as party defendant [Doc. No. 18] is DENIED; and Plaintiff's Motion for Sanctions [Doc. No. 20] is DENIED.

The clerk is hereby directed to mark the case closed.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.